## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **MATTHEW GAZDA** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:13-cv-12246** |
| | ) | |
| **RETRIEVAL MASTERS** | ) | |
| **CREDITORS BUREAU, INC.** | ) | |
| **d/b/a AMERICAN MEDICAL** | ) | |
| **COLLECTION AGENCY, INC.** | ) | |
| Defendant, | ) | |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Matthew Gazda, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before, "[A]ny appropriate United States district court

without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claim occurred here.  Since Defendant

transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Matthew Gazda ("Matthew") is a consumer, as that term is defined by 15

U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt,

residing in Rockingham County, in the state of New Hampshire.

5.  Defendant, Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical

Collection Agency, Inc. is a collection agency and foreign corporation engaged in the

business of collecting debt in this state with its principal place of business located in

Westchester County, in the state of New York.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses

instrumentalities of interstate commerce or the mails in any business, the principal

purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA,

15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees,

officers, members, directors, heirs, successors, assigns, principals, trustees, sureties,

subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8.  Sometime before September 11, 2013, Plaintiff allegedly incurred a financial

obligation that was primarily for personal, family, or household purposes and is therefore

a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or

otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal,

family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, and placing collection calls to Plaintiff prior to September 11, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Within one year prior to the filing of this complaint, Defendant called Matthew's cellular telephone number while he was in Essex County, Massachusetts, and spoke with him at 12:33 p.m., and then it called him later on at 1:32 p.m. and left Matthew a voicemail.  In both communications, Defendant did not state that it was a debt collector. These were a "communications", as defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(11), and §1692f.

**SUMMARY**

13.  All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency, Inc. were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

14.  The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

15.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by this Defendant.

16.  Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions.

17.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

**RESPONDEAT SUPERIOR LIABILITY**

18.  The acts or omissions of this Defendant, and the other debt collectors employed as agents by Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency, Inc. who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency, Inc.

19.  The acts and omissions by this Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency, Inc. in collecting consumer debts.

20.  By committing these acts and omissions against Plaintiff, this Defendant and these other debt collectors were motivated to benefit their principal, Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency, Inc.

21.  Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency, Inc. is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## V.      CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.  The foregoing acts and omissions of Defendant and its agents constitute multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

24. Defendant's acts as described above were done intentionally with the purpose of misleading and coercing Plaintiff to pay the alleged debt.

25.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15

U.S.C. § 1692k(a)(3).


D. Punitive damages.


E. For such other and further relief as the Court may deem just and proper.


Dated:  September 11, 2013         RESPECTFULLY SUBMITTED,
                                 By: /s/ Kevin Crick
                                 Kevin Crick, Esq.
                                 BBO:  680950
                                 Consumer Rights Law Firm, PLLC
                                 231 Sutton St., Suite 1A
                                 North Andover, Massachusetts 01845
                                 Phone: (978) 420-4747
                                 Fax: (978) 409-1486
                                 kevinc@consumerlawfirmcenter.com
                                 **Attorney for Plaintiff**


## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Matthew Gazda demands trial by jury in this action on all

issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.